Filing # 154680121 E-Filed 08/04/2022 11:58:41 AM

IN THE CIRCUIT COURT FOR THE
9TH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

YADIRA GONZALEZ,

    Plaintiff,

v.                                              CASE NO.:

WENDY'S PROPERTIES, LLC,
Foreign Limited Liability Company,

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, YADIRA GONZALEZ ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant WENDY'S PROPERTIES, LLC. ("Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000, excluding attorneys' fees or costs, declaratory and injunctive relief and damages to redress injuries resulting from Defendant's disability-based discriminatory conduct against the Plaintiff in violation of the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA").

2. Plaintiff was at all times relevant to this action, and continues to be, a resident of Orange County Florida, and is otherwise sui juris.

3. Plaintiff is a covered employee for purposes of the FCRA.

4. Defendant is a Foreign Limited Liability Company with a place of business in Orange County, Florida, where, at all times material hereto, Plaintiff was employed by Defendant.

5. Defendant is a "person" and/or an "employer" pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq., since it employs fifteen (15) or more employees for the

1

applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

6. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760, et seq., and is subject to the employment discrimination provisions of the applicable statute, the FCRA.

7. Venue is proper in Orange County, Florida because the acts or omissions giving rise to this complaint occurred in whole or in part in Orange County, Florida, within the jurisdiction of this Honorable Court.

8. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission and dually filed with the Florida Commission on Human relations, the agencies which are responsible for investigating claims of employment discrimination.

9. Plaintiff received a Determination and Notice of Right to Sue from the EEOC on January 26, 2022, then timely filed suit thereafter.

10. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

11. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected and has thus become obligated to provide them with a reasonable attorney's fee.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

12. Plaintiff was hired by Defendant as a Training Restaurant Manager from on or about April 20, 2009.

13. Throughout Plaintiff's employment with Defendant, Plaintiff performed her duties in an exemplary fashion. Her duties included, but were not limited to, training managers and employees.

14. On or about December 10, 2020, Plaintiff started to feel ill and was hospitalized.

15. At the hospital, Plaintiff was informed that she was serving from a severe case of stomach ulcers and chronic gastritis.

16. Plaintiff notified her manager that she had been hospitalized and unable to go into work, as well as her condition and the symptoms she was experiencing.

17. As a result of her stomach ulcers and chronic gastritis, Plaintiff experienced symptoms, including, but not limited to, a burning pain in the center of the abdomen, indigestion, heartburn and acid reflux.

18. Due to the Plaintiff's symptoms caused by her stomach ulcers and chronic gastritis, Plaintiff was substantially limited in her ability to perform one or more major life activities, including, but not limited to standing and sitting for extended periods of time, lifting, and concentrating, among others.

19. On or about December 13, 2020, Plaintiff attempted to reach the Defendant to ask for her work schedule but did not receive a response.

20. Plaintiff reached out to a coworker who sent her a picture of the schedule where she noticed she was no longer on it.

21. On or about December 17, 2020, Plaintiff contacted a representative from Defendant's human resources department. Plaintiff informed Defendant's human resources personnel about the scheduling issue.

22. At the relevant time of Plaintiff being removed from her work schedule, Defendant was notified and aware of Plaintiff's health conditions, symptoms, hospitalizations, and limitations to her ability to perform major life activities.

23. Defendant discriminated against the Plaintiff, terminating her on account of her disability.

24. Any reason proffered by Defendant for its adverse actions against the Plaintiff is mere pretext for unlawful discrimination.

### COUNT I
*Disability Discrimination in Violation the FCRA*

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 of this Complaint as if set out in full herein.

26. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992, Florida Statues Section 760.10, which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's disability.

27. Plaintiff is, and at all times material hereto was, qualified to perform the essential functions of her job with Defendant.

28. Plaintiff suffers from a physical or mental condition that substantially limit her ability to perform one or more major life activities and is thus a member of a class of persons protected in their employment under the FCRA, as related in part above.

29. Plaintiff suffers from stomach ulcers and chronic gastritis.

30. As a result of her stomach ulcers and chronic gastritis, Plaintiff experienced symptoms, including, but not limited to, a burning pain in the center of the abdomen, indigestion, heartburn and acid reflux.

31. Due to the Plaintiff's symptoms caused by her stomach ulcers and chronic gastritis, Plaintiff was substantially limited in her ability to perform one or more major life activities, including, but not limited to standing and sitting for extended periods of time, lifting, and concentrating, among others.

32. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to adverse employment action based on her disability.

33. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff suffered from the stomach ulcer and chronic gastritis, which caused her to miss work due to her hospitalization and medical treatments.

34. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of disability was unlawful but acted in reckless disregard of the law.

35. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

36. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

37. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

38. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

39. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

40. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: August 4, 2022

Respectfully submitted,

*/s/ Corey L. Seldin*
Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 188239
pmh@rgpattorneys.com
Corey L. Seldin, Esq.
Florida Bar No.: 1026565
cseldin@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005